IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| JOHN ERVIN, ) | C.A. No. 3:11-cv-02167-CMC |
| ) | |
| Plaintiff, ) | OPINION & ORDER |
| ) | |
| vs. ) | |
| ) | |
| PUMPS PARTS & SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Defendant's motion to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion is granted in part and denied in part**.**

Defendant's motion rests primarily on the standards announced in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). As the Fourth Circuit explained in a subsequent decision, *Iqbal* holds that "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." *Nemet Chevrolet, Ltd. v Consumeraffairs.com, Inc.,* 591 F.3d 250 (4th Cir. 2009) (applying *Iqbal*). Similarly, in *Walker v. Prince George's County, Maryland*, 575 F.3d 426 (4th Cir. 2009), the Fourth Circuit held that "'[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice' to plead a claim."

In his response, Plaintiff recites the requirements of Fed. R. Civ. P. 8(b) and refers to the "liberal" pleading standard referenced in various pre-*Iqbal* cases. Dkt. No. 12 at 2-3 (citing a 2008 district court decision, a 1974 Seventh Circuit decision, a 2005 Fourth Circuit decision, and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff also cites *Nemet*, a post-*Iqbal*

decision, but only for the general proposition that the court "accepts all well-pled facts as true and construes these facts in the light most favorable to the Plaintiff in weighing the sufficiency of the Complaint." Dkt. No. 12 at 3 (citing *Nemet*, 591 F.3d at 255). Thus, Plaintiff's argument is based on an incorrect, pre-*Iqbal* legal standard. Plaintiff also errs in suggesting that Defendant's consent to the filing of an amended complaint precludes a subsequent motion to dismiss for pleading deficiencies.

Nonetheless, for the reasons set forth below, the court finds that Plaintiff's allegations are minimally sufficient to state claims for breach of contract accompanied by a fraudulent act and violation of the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10. The court does, however, grant Defendant's motion to dismiss as to the treble damages and attorney's fees sought under the first cause of action.

**Breach of Contract Accompanied by a Fraudulent Act.** In his first cause of action for breach of contract accompanied by a fraudulent act, Plaintiff alleges that (1) he was previously employed by Defendant "on a commissioned basis," (2) he earned $33,713 in unpaid commissions, (3) "Defendant attempted to cover up the commissions which had been earned and instead of paying" them, terminated Plaintiff's employment, (4) Plaintiff sought an accounting, (5) Defendant covered up the amount due and claimed that only $7,670.90 was owed. Based on these factual allegations, Plaintiff assets that "the failure to pay the commissions when due amounts to a breach of contract" and that the "cover up and the termination in an effort to avoid paying commissions amounts to fraudulent conduct [accompanying] the breach."

Though barely adequate, the factual allegations in the first cause of action are sufficient to state a claim for breach of contract to pay commissions and for an accompanying fraudulent act (a

2

cover up which included terminating Plaintiff's employment). Plaintiff's demand for "treble damages plus attorney's fees and costs" is not, however, viable as such relief is not available under the cause of action pleaded.

**South Carolina Payment of Wages Claim.** In his second cause of action, Plaintiff incorporates earlier factual allegations then alleges that the non-payment of commissions violates the South Carolina Payment of Wages Act. On this basis, he seeks unspecified damages and attorney's fees. Again, the court finds Plaintiff's factual allegations minimally adequate to support an inference that Plaintiff is entitled to relief under the South Carolina Payment of Wages Act.

## CONCLUSION

For the reasons set forth above, the court grants Defendant's motion to the extent it seeks to strike the demand for treble damages and attorney's fees from the first cause of action. In all other respects, the motion is denied.

IT IS SO ORDERED.

       s/ Cameron McGowan Currie
       CAMERON MCGOWAN CURRIE
       UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 9, 2012